IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

EDDIE S. WATKINS                                                                                    PLAINTIFF
ADC #84056

V.                                   NO.  1:08cv00001 SWW-JWC

C. STOUT                                                                                            DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### I. Instructions

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR  72201-3325

## II. Recommended Disposition

On January 14, 2008, Plaintiff, a pro se inmate currently confined to the Grimes Unit of the Arkansas Department of Correction ("ADC"), filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1). Plaintiff submitted the proper financial information in compliance with § 1915(a)'s requirements; accordingly, in forma pauperis status was granted (docket entry #3).

According to Plaintiff's complaint, he received legal mail that had been opened outside of his presence that was then untimely delivered to him, both in violation of ADC policy. Specifically, on October 18, 2007, Plaintiff alleges he received two envelopes at mail call, clearly marked as legal in nature, that bore a date-stamped mark of October 17, 2007. These envelopes had been opened by Defendant Stout. Plaintiff was advised, after sending a request, that his mail had been opened in error. Plaintiff speculates that this act may have been carried out by Defendant Stout in order to see who he was suing in a separate civil action he has pending in the Western District of Arkansas. Plaintiff further

contends that he received no notice that his legal mail had been opened, no apology, and a one-day delay in receipt of his legal mail after it had been opened— all against ADC policy.

### III.  Analysis

**A.     Standard**

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  Id. § 1915A(a).  A federal court must dismiss a prisoner's complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b).  Moreover, this Court may sua sponte dismiss a complaint filed in forma pauperis at any time if it determines that the action fails to state a claim upon which relief can be granted.  Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

Dismissal for failure to state a claim is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992).  In addition, pro se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." Haines, 404 U.S. at 520-21.

**B.      Violation of an Internal Administrative Policy**

Plaintiff alleges that Defendant violated ADC mail policy (opening his legal mail and a one-day delay in receipt of the opened legal mail), a claim that is not actionable under § 1983. An internal ADC policy does not create a constitutional right, nor does a prison official's failure to follow such a regulation rise to the level of a § 1983 claim. See Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996) (no federal constitutional liberty interest in having state officers follow state law); see also Smith v. Rucker, 259 F.3d 933 (8th Cir. 2001) (per curiam) (inmate's allegation that prison officials violated his due process rights by failing to follow administrative regulations did not state a claim; the due process clause does not federalize state-law procedural requirements); Hughes v. Lee County Dist. Court, 9 F.3d 1366, 1367 (8th Cir. 1993) (assertion that state violated its own procedural guidelines does not state a federal claim); Valiant-Bey v. Morris, 829 F.2d 1441, 1444 n.5 (8th Cir. 1987) (§ 1983 claim cannot be premised on violation of state regulation). However, Plaintiff clearly has a constitutional right to not have confidential legal mail opened outside his presence. See Falls v. Nesbitt, 966 F.2d 375, 380 (8th Cir. 1992) (a prison official's violation of an internal regulation does not give rise to a § 1983 claim in the absence of objective evidence demonstrating a constitutional violation); see also Powells v. Minnehaha County Sheriff Dep't, 198 F.3d 711, 712 (8th Cir. 1999) (per curiam) (holding inmate's allegation that prison officials opened his legal mail outside of his presence stated claim); Thongvanh v. Thalacker, 17 F.3d 256, 258-59 (8th Cir. 1994) (prisoners retain their First Amendment rights of sending and receiving mail, and prison officials may not read inmates' legal mail).

Legal mail is to be opened only in the presence of the receiving inmate. Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997) (citing Jensen v. Klecker, 648 F.2d 1179, 1182 (8th Cir. 1981)) (evidence of several instances of opening an inmate's confidential, well-marked attorney mail). No liability arises, however, from an isolated, inadvertent instance of opening incoming confidential legal mail, without any evidence of improper motive or resulting interference with the inmate's right to counsel or to access the courts. Gardner, 109 F.3d at 431. While Plaintiff does enjoy a constitutional right to have his confidential legal mail opened only in his presence, he must nevertheless demonstrate some injury and/or prejudice as a result of same. Plaintiff merely speculates that this act may have been carried out by Defendant Stout in order to see who he was suing in a separate civil action.[1] However, he in no manner alleges that Defendant Stout's actions in any way interfered with his right to counsel or to access the courts. There is simply no real allegation demonstrating any improper motive on the part of Defendant Stout. See Turner v. Ms. Douglas, No. 1:06CV00058, 2007 WL 87628, at *2 (E.D. Ark. Jan. 10, 2007)[2] (citing Lewis v. Casey, 518 U.S. 343, 349 (1996)) ("To state a valid § 1983 claim due to interference with an inmate's legal mail, an inmate must allege that a defendant's deliberate and malicious interference actually impeded her access to the court or prejudiced an existing action"); see also Jones v. Mail Room Staff, 74 Fed. Appx. 418, 419 (5th Cir. 2003) (unpub. per curiam) (citing Lewis, 518 U.S. at 349-51) (plaintiff did not

---

[1] Plaintiff alleges the following: "Ms. Stout, I feel was trying to see whom I was suing"; "How do I know this wasn't on purpose . . . . I don't know if she know[s] the Defendants in my 'civil case' in the Western Dist. or not, or was she notifying them or not, who's to say."

[2] J. Leon Holmes and Henry L. Jones, Jr.

allege that he was prejudiced in any pending or contemplated litigation because the mail room staff had opened his legal mail; therefore, he fails to state a claim).  Last, Plaintiff's own allegations demonstrate that this was an isolated incident.  Under these circumstances, no liability arises.

## IV.  Conclusion

In accordance with the above, IT IS THEREFORE RECOMMENDED that:

1. Plaintiff's case should be DISMISSED in its entirety WITHOUT PREJUDICE.

2. All pending motions should be DENIED AS MOOT.

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any order adopting this recommendation, and any judgment entered thereunder, would not be taken in good faith.

4. This dismissal should count as a "strike" as frivolous pursuant to 28 U.S.C. § 1915(g).[3]

DATED this 7th day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.